UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: EXTRADITION APPLICATION
TO THE KINGDOM OF THE
NETHERLANDS OF SEPTEMBER 10,
2021

OLEKSANDR MORGUNOV,

     Petitioner,

  v.

OFFICE OF INTERNATIONAL
AFFAIRS, U.S. DEPARTMENT OF
JUSTICE,

     Respondent.

Case No. 21-mc-158 (CRC)

**MEMORANDUM OPINION**

Petitioner Oleksandr Morgunov, a Ukrainian citizen, filed suit seeking to halt the United States government's efforts to extradite him from the Netherlands on criminal charges pending in the Southern District of Florida. The Department of Justice's Office of International Affairs, the respondent, has moved to dismiss the petition for lack of jurisdiction. Because the Court agrees that it does not have authority to hear Morgunov's case, it will grant the motion to dismiss.

**I. Background**

Morgunov is a Ukrainian citizen who lived and worked for many years in Florida. See Mot. Quash Ex. 2 at 5–6, ECF No. 1-2 (affidavit in support of extradition request). He was indicted by a grand jury in the Southern District of Florida for participating in an allegedly illegal labor-staffing scheme in Key West, Florida. Id. at 6–9. The Superseding Indictment charges him with one count of conspiracy to harbor aliens and induce them to remain in the United States, in violation of 8 U.S.C. § 1324(a)(iii), (iv), and (v)(I), one count of money-laundering

conspiracy, in violation of 18 U.S.C. § 1956(h), and one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371.  See Mot. Quash Ex. 6 at 6–13, ECF No. 1-6 (superseding indictment).

After the original indictment was unsealed, Morgunov attempted to travel back to Ukraine, through Mexico and then the Netherlands.  See Pet'r Mem. at 4, ECF No. 3-1;[1] Speedy Trial Report at 4, United States v. Chugay, 4:21-cr-10008-JEM (S.D. Fla. Sept. 20, 2021), ECF No. 65 ("Sept. 20 Speedy Trial Report").  He was stopped by Dutch authorities pursuant to a provisional arrest warrant, and is now in Dutch custody fighting his extradition.  Sept. 20 Speedy Trial Report at 4.  The Southern District of Florida has placed Morgunov in fugitive status and delayed any trial.  See Docket Entry of Jan. 11, 2022, United States v. Chugay, 4:21-cr-10008-JEM (S.D. Fla.).  Extradition proceedings remain ongoing in the Netherlands.  See Speedy Trial Report at 6, United States v. Chugay, 4:21-cr-10008-JEM (S.D. Fla. Mar. 28, 2022), ECF No. 138 ("Mar. 28 Speedy Trial Report").

In December 2021, Morgunov filed suit in this Court, with what he styled a petition to quash the Department of Justice's ("DOJ") extradition warrant to the Netherlands.  See Pet. at 1.  He is represented here by counsel for one of his co-defendants in the underlying Southern District of Florida criminal case, for the limited purpose of challenging his extradition.  Id. at 2.  In his petition, Morgunov contends that DOJ's extradition effort is improper because it fails to comply with both federal law and the extradition treaty between the United States and the

---

[1] The operative petition, filed at ECF No. 3-1, includes both Morgunov's petition and an annexed memorandum of points and authorities.  The Court refers to the two documents separately, as Pet. and Pet'r Mem., and uses the separate pagination included on each.

Netherlands.  Id. at 1.  He asks for an injunction prohibiting DOJ's Office of International Affairs ("OIA") from pursuing the extradition.  Id. at 1–2.

OIA moves to dismiss the action, primarily for lack of jurisdiction but also on the merits.  See Mot. Dismiss at 1, 6, ECF No. 6 ("MTD").  Morgunov opposes.  See Opp'n, ECF No. 8.  He also cross-moves for summary judgment on the applicability of the fugitive disentitlement doctrine, which goes to one of OIA's alternative arguments for dismissal.  See Cross-Mot. Partial Summ. J., ECF No. 7.

## II. Legal Standards

A motion under Rule 12(b)(1) "presents a threshold challenge to the court's jurisdiction." Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987)).  "[T]he plaintiff bears the burden of demonstrating the court's subject-matter jurisdiction over its claim by a preponderance of the evidence."  Marine Wholesale & Warehouse Co. v. United States, 315 F. Supp. 3d 498, 508 (D.D.C. 2018) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)).  In evaluating a 12(b)(1) motion, the Court "accept[s] as true all uncontroverted material factual allegations contained in the complaint and 'construe[s] the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged and upon such facts determine jurisdictional questions.'"  Id. at 509 (quoting Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011)).  In addition, "the court may consider documents outside the pleadings to assure itself that it has jurisdiction."  Sandoval v. U.S. Dep't of Just., 322 F. Supp. 3d 101, 104 (D.D.C. 2018) (Cooper, J.).

## III. Analysis

In Casey v. Department of State, 980 F.2d 1472 (D.C. Cir. 1992), the D.C. Circuit expressly held that federal courts do not have jurisdiction over preemptive, collateral attacks on

3

extradition requests. Because Morgunov's petition is on all fours with the claim the circuit rejected in Casey, the Court similarly concludes it does not have jurisdiction here.

The plaintiff in Casey sought to prevent his extradition from Costa Rica to face charges in the Middle District of Florida. Id. at 1473–74. He did so through a suit in this district, in part on grounds similar to those Morgunov raises here: He alleged that the Department of State had misrepresented the underlying indictment in its diplomatic communications, seeking to mislead Costa Rica into improperly extraditing him. Id. at 1474–75. The D.C. Circuit held that the district court did not have jurisdiction to reach the merits of Casey's pre-extradition challenge. Id. at 1476–78. The court noted that, on the merits of any extradition-related claim, principles of "international comity" mandated that federal courts "give great deference to the determination of the foreign court." Id. at 1477 (discussing Johnson v. Browne, 205 U.S. 309, 316 (1907)). But, the court reasoned, it was impossible to give such deference until foreign extradition proceedings were "completed"—i.e., until a defendant was extradited to the United States. Id. at 1478. The court also recognized that "analogies in the doctrine[s] of ripeness, exhaustion, and abstention," as well as separation of powers concerns, supported its jurisdictional holding. Id. Casey could "challenge his extraditability," the court explained, if and when he was ultimately extradited to the United States. Id.

Casey directly controls here. Morgunov seeks to quash a live extradition request related to pending charges in the Southern District of Florida. While a court in the Netherlands has found him extraditable on the charges in the initial indictment, the government reports that Morgunov "will likely appeal the Dutch court's ruling"—a process that could take "as long as two years." See Mar. 28 Speedy Trial Report at 6. Until that process concludes, the Court "cannot afford full deference to the decisions of the foreign court." Casey, 980 F.3d at 1478.

Moreover, "[t]he potential confusion of parallel proceedings and the possibility that the [Dutch] court will resolve the dispute in such a way as to obviate any need for further American litigation on the issue also weigh against adjudication in the American courts at this time." Id.

Morgunov's efforts to escape Casey are unavailing.

He initially seeks to distinguish the two cases. See Opp'n at 5. But the Court agrees with OIA that Morgunov's purported distinctions are all either immaterial or nonexistent. See Reply at 2–4, ECF No. 10. Morgunov first points out that he is not a U.S. citizen while the plaintiff in Casey was. He also contends that Casey is distinguishable because certain federal regulations governing extradition have changed since that decision. But Casey's reasoning turned only on general principles of international comity and jurisdiction—not on the citizenship of the individual subject to extradition nor the ins and outs of any particular regulatory regime. Finally, Morgunov suggests that Casey does not apply because the respondent here is a component of DOJ, rather than the Department of State. But DOJ was a respondent in Casey, too. See Appellant's Br., Casey v. Dep't of State, No. 91-5048, 1992 WL 12599904 (D.C. Cir. May 18, 1992). More to the point, the Casey court's concerns about international comity and separation of powers apply equally to DOJ and the Department of State in their conduct of extradition proceedings abroad.

Morgunov next argues that Casey has been cut back or distinguished, pointing to both D.C. Circuit and out-of-circuit cases. See Opp'n at 6–7. The only binding precedent he cites, however, confirms the relevant holding in Casey. In United States v. Trabelsi, the D.C. Circuit affirmed that a federal court "could not review a preemptive extradition challenge without violating international comity or separation of powers." 845 F.3d 1181, 1187 (D.C. Cir. 2017). There, the circuit held only that a defendant could invoke a federal court's jurisdiction to

5

"challenge his extradition *after* arriving in the requesting state to face prosecution." Id. (emphasis added); see also id. at 1186 (holding that review must be "highly deferential"). Most of the other cases Morgunov cites, both within and outside this circuit, come in just that posture—through a post-extradition challenge to an indictment or conviction. See, e.g., United States v. Tajideen, 319 F. Supp. 3d 445, 469–73 (D.D.C. 2018) (evaluating post-extradition motion to dismiss indictment); United States v. Kaufman, 858 F.2d 994, 1006–09 (5th Cir. 1988) (assessing extradition in direct appeal of conviction); Gallo-Chamorro v. United States, 233 F.3d 1298, 1304–08 (11th Cir. 2000) (addressing habeas petition following extradition and conviction); Antwi v. United States, 349 F. Supp. 2d 663, 669 (S.D.N.Y. 2004) (same).

Although Morgunov does cite a few cases addressing defendants' pre-extradition challenges to efforts to bring them to the United States to stand trial, none are from this circuit. See In re Hijazi, 589 F.3d 401, 403 (7th Cir. 2009); United States v. Firtash, 392 F. Supp. 3d 872, 877 (N.D. Ill. 2019); United States v. Siriwan, No. 09-cr-81, 2011 WL 13057709, at *1 (C.D. Cal. July 28, 2011); United States v. Kashamu, No. 94-cr-172, 2010 WL 2836727, at *3 (N.D. Ill. July 15, 2010). Moreover, all of those courts also had jurisdiction over the underlying criminal cases, and addressed the defendants' extradition arguments only in the context of motions to dismiss the indictments. So, to the extent these cases even could be reconciled with Casey, they would not green light the pre-extradition consideration of Morgunov's claims *by this Court*, rather than the Southern District of Florida.

In sum, the Court concludes that Casey is directly controlling and precludes the Court from exercising jurisdiction over Morgunov's claim. Accordingly, the Court need not address any of his arguments on the merits, including in his motion for partial summary judgment.

## IV. Conclusion

For the foregoing reasons, the Court will grant Respondent's Motion to Dismiss and deny Plaintiff's Motion for Partial Summary Judgment. A separate Order shall accompany this memorandum opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: <u>April 12, 2022</u>